UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWIN HARBORS WATERKEEPER,<br><br>Plaintiff,<br><br>v.<br><br>AG PROCESSING INC, PORT OF GRAYS HARBOR,<br><br>Defendant. | Case No. 3:24-cv-05847-TMC<br><br>ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE |

## I.   ORDER

Before the Court is the parties' joint motion for entry of their proposed consent decree. Dkt. 11. All parties to the lawsuit—Plaintiff Twin Harbors Waterkeeper and Defendants Ag Processing Inc a cooperative and Port of Grays Harbor—join in the request.

Plaintiff Twin Harbors Waterkeeper brought this lawsuit alleging violations of Section 505 of the Clean Water Act, 33 U.S.C. § 1365, et seq., relating to discharges of stormwater and other pollutants from Defendants' facility at 2305 Port Industrial Road and W Terminal Way, Aberdeen, WA 98520. Dkt. 1 ¶¶ 1, 7, 14, 15. Twin Harbors Waterkeeper alleges this discharge violated "the terms and conditions of its National Pollutant Discharge Elimination System ('NPDES') permit authorizing certain stormwater discharges of pollutants from the Facility in

Aberdeen, Washington to navigable waters. *Id.* ¶ 1, 16–19. Twin Harbors Waterkeeper alleges these "discharges" "contribute[d] to the polluted conditions of the waters of the state" and "to the ecological impacts that result from the pollution of these waters and to Twin Harbors Waterkeeper and its members' injuries resulting therefrom." *Id.* ¶ 25.

To resolve the litigation, Defendants have agreed to entry of the consent decree, under which it will, among other requirements, "comply with the requirements of the Clean Water Act" inspect the Facility's structure to identify and resolve any pollutants, install cleaning systems, and identify measures to prevent further pollution. Dkt. 11 ¶ 7, 8. Defendants also agree to pay $150,000 to the Quinault Indian Nation's environmental benefit project; $150,000 to the Confederated Tribes of the Chehalis Reservation for similar projects; $25,000 to Trout Unlimited, Inc., for use in the Chehalis Basin with the Schafer Creek Headwaters Restoration Project or projects in the region with similar restoration objectives; $25,000 for the Chehalis River Basin Land Trust's environmental benefit project; and $25,000 for the Grays Harbor Audubon Society's environmental benefit project. *Id.* ¶ 9. The United States received notice of the proposed consent decree as required by 33 U.S.C. § 1365(c)(3) and does not object to its entry. Dkt. 12.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," come "within the general scope of the case made by the pleadings," and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree meets these requirements. The consent decree resolves the dispute that prompted this litigation (over which this Court has federal-question jurisdiction) and it furthers the objectives of the Clean Water Act by seeking to ensure that Defendants comply with federal law. This objective also serves the public interest.

The Court therefore GRANTS the joint, unopposed motion (Dkt. 11) to enter the proposed consent decree (Dkt. 11-1). The consent decree will be entered concurrently with this Order and will serve as a final judgment under Federal Rules of Civil Procedure 54 and 58.

Dated this 2nd day of December, 2024.

Tiffany M. Cartwright
United States District Judge